**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

TONY D. BROWN,

       Petitioner,                          CASE NO. 05-CV-72843

-vs-                                          PAUL D. BORMAN
                                               UNITED STATES DISTRICT JUDGE

BLAINE C. LAFLER,

       Respondent.
_____/

**ORDER
(1) GRANTING PETITIONER'S MOTION FOR A STAY; AND
(2) CLOSING CASE FOR STATISTICAL PURPOSES**

Petitioner Tony D. Brown ("Petitioner") has filed a *pro se* application for the writ of habeas corpus under 28 U.S.C. § 2254. The habeas petition challenges Petitioner's state conviction for assault with intent to commit murder and his sentence of fifteen to fifty years. On February 24, 2004, the Michigan Court of Appeals affirmed Petitioner's conviction and sentence. *See People v. Brown*, No. 243961, 2004 WL 345424 (Mich. Ct. App. Feb. 24, 2004) (unpublished). The Michigan Supreme Court denied leave to appeal on August 31, 2004. *See People v. Brown*, 471 Mich. 872 (2004) (table).

Petitioner filed his habeas petition on July 20, 2005. The grounds for relief read:

I.     Trial counsel['s] failure to object to the prosecutor's improper rebuttal argument constituted a serious mistake, thus depriving Defendant of effective assistance of counsel, tantamount to a denial of Defendant's right to due process of law and a fair trial under the 6th and 14th Amendments of the United States Constitution.

II.    Defendant was denied due process of law under the Fifth and Fourteenth Amendments of the United States Constitution where the Court established a pattern of repeating Defendant's testimony to the jury in an out-of-context manner, effectively stressing

culpability.

III. Defendant's sentence was illegal, where the trial court failed to properly score offense variables 4, 5, 6, and 7, thereby requiring re-sentencing if this Court rejects Defendant's appeal of his conviction.

Petitioner recently filed a motion for a stay of these proceedings so that he can return to state court and seek review of the following claims:

I. Where Defendant was denied his state and federal constitutional right to the effective assistance of counsel where trial counsel failed to inter alia:

(a) Counsel never questioned Defendant regarding [his] alleged confession, nor moved for a *Walker* hearing to suppress it before Defendant testified in own defense;

(b) Investigate why two accomplices were not charged along with Defendant, who[] initially sought Defendant's complicity in a confrontational dispute with the victim that they initially accused of breaking into one of the girl's houses and may have been offered immunity in exchange for their cooperation in either the investigation of the case or testimony during trial;

(c) Where the facts and circumstances suggest a qualified self-defense claim of imperfect self-defense be specifically made opposed to the more general defense, denied Defendant a viable defense when Defendant testified that he armed himself with a baseball bat out of fear of harm for the girls' safety and himself after acknowledging that the victim had a reputation of being violent.

(d) Where two or more witnesses could have buttressed Defendant's claim of imperfect self-defense after the prosecutor objected to Defendant attempting to offer hearsay evidence to establish his state of mind and showing that the victim had a bad-man reputation, defense counsel failed to zealously and

2

      conscientiously present a viable defense for
      Defendant by calling these witnesses to testify as
      character witnesses; and

  (e)  Where Defendant exhibited a diminished mental
      capacity to remember sufficient details of the
      beating he inflicted on the victim, defense counsel
      should have offered a temporary insanity defense.

II.  Where felonious assault is a cognate lesser included offense to assault with intent to murder, the trial court erred reversibly when it either failed *sua sponte* to include the jury instruction to the jury himself or abided with defense counsel's request for the instruction as a lesser included offense, denying Defendant due process of law and a fair trial.

III.  Where the trial court impermissibly precluded Defendant from providing hearsay evidence during his testimony as to his state of mind, the trial court infringed on Defendant's right to present a defense.

IV.  Where the prosecutor deliberately pierced the veil of the attorney and client relationship via references and suggestive innuendos that defense counsel visited the Defendant in the county jail between the period of time Defendant was testifying was intended to fabricate and concoct Defendant's testimony, constituted prosecutorial misconduct warranting a reversal of Defendant's conviction.

  Federal courts possess authority to issue stays. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance are appropriate if (1) there was good cause for the petitioner's failure to exhaust his claims first in state court, (2) the unexhausted claims are not plainly meritless, and (3) the petitioner is not engaged in abusive litigation tactics or intentional delay. *Id.* at 277-78.

  Petitioner does not appear to be engaged in abusive litigation tactics, and the unexhausted issues are not plainly meritless. Furthermore, Petitioner alleges that he relied on bad advice from fellow inmates before filing his habeas petition. The Court concludes that it would not be an abuse of discretion to stay these proceedings. Accordingly, Petitioner's motion to hold his

3

pending habeas petition in abeyance is **GRANTED**. (Doc. No. 23). The Clerk of Court is **ORDERED** to close this case for statistical purposes only.

The stay is conditioned on Petitioner (1) filing a motion for relief from judgment in the trial court within **sixty (60) days** of the date of this order and (2) moving to re-open this case, if necessary, within **sixty (60) days** of exhausting state remedies. The Court declines to say whether the four unexhausted issues would relate back to the date of the initial habeas petition if they were included in an amended petition. *See Mayle v. Felix*, 545 U.S. 644 (2005).

**SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: August 31, 2007

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on August 31, 2007.

s/Denise Goodine
Case Manager