UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


TONY DARNELL BROWN,

        Petitioner,

                                        CASE NO. 05-72843

v.

                                        PAUL D. BORMAN
BLAINE C. LAFLER,               UNITED STATES DISTRICT JUDGE

        Respondent.
_____/

**ORDER DENYING PETITIONERS' MOTIONS FOR
RELIEF FROM JUDGMENT AND APPOINTMENT OF COUNSEL
AND GRANTING PETITIONER'S REQUEST
TO DISMISS THIS CASE WITHOUT PREJUDICE**

        Petitioner Tony Darnell Brown initiated this action on July 20, 2005, by filing a *pro se* petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. The habeas petition challenged Petitioner's state conviction and sentence of fifteen to fifty years for assault with intent to commit murder. The grounds for relief were that (1) trial counsel was ineffective for failing to object to the prosecutor's improper rebuttal argument, (2) the trial court violated Petitioner's right to due process of law by repeating Petitioner's testimony to the jury, and (3) the trial court improperly scored the Michigan sentencing guidelines.

        After Respondent filed an answer to the habeas petition, Petitioner moved for a stay so that he could return to state court and seek review of four new claims, which alleged that: (1) trial counsel was ineffective for failing to (a) move to suppress Petitioner's confession, (b) investigate why two accomplices were not charged, (c) assert a defense of imperfect self-defense, (d) call witnesses to testify about Petitioner's character, and (e) offer a defense of

temporary insanity; (2) the trial court should have instructed the jury on the lesser-included offense of felonious assault; (3) the trial court infringed on Petitioner's right to present a defense by precluding Petitioner from providing hearsay evidence about his state of mind; and (4) the prosecutor pierced the veil of the attorney/client relationship by implying that defense counsel and Petitioner fabricated the defense.

On August 31, 2007, the Court granted Petitioner's motion for a stay and closed this case for statistical purposes only. The Court conditioned its stay in part on Petitioner raising his claims in a motion for relief from judgment in the trial court within sixty days of the Court's order.

Currently pending before the Court are Petitioner's motions for relief from judgment and for appointment of counsel. Both motions were filed on August 1, 2008.

Petitioner's motion for relief from judgment seeks to have the Court grant Petitioner an additional sixty days in which to file his motion for relief from judgment in state court. Petitioner alleges that he is having difficulty acquiring certain state court records, which he needs to file his post-conviction motion in state court.

Petitioner's motion for relief from judgment has been rendered moot by Petitioner's subsequent letter to the Court in which he states that he prefers to have his habeas petition dismissed without prejudice. This request for a dismissal without prejudice [Dkt. 31] is **GRANTED**, and Petitioner's motions for relief from judgment [Dkt. 28] and appointment of counsel [Dkt. 29] are **DENIED** as moot. If Petitioner is unsuccessful in state court, he shall move for reinstatement of this action within ninety days of exhausting state remedies for his new claims.

**SO ORDERED**.

                                               S/Paul D. Borman  
                                               PAUL D. BORMAN  
                                               UNITED STATES DISTRICT JUDGE

Dated: December 22, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on December 22, 2008.

                                               S/Denise Goodine  
                                               Case Manager